BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**AMY E. POTTER**
amy.potter@usdoj.gov
Assistant United States Attorney
405 E. 8th Street, Suite 2400
Eugene, Oregon  97401-2708
Telephone:    541-465-6771
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 6:20-CV-00240-BR |
| **Plaintiff,** | |
| v. | **COMPLAINT,** *in rem,* **FOR FORFEITURE** |
| **4055 NW 21st Street, Redmond, Oregon, Deschutes County, State and District of Oregon, Real Property with Buildings, Appurtenances and Improvements,** *in rem***,** | |
| **Defendant.** | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Amy E. Potter, Assistant United States Attorney, for its complaint *in rem* for forfeiture, alleges:

### COUNT 1

#### I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 21

U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

II.

Defendant, *in rem*, 4055 NW 21st Street, Redmond, Oregon, Deschutes County, State and District of Oregon, Real Property with Buildings, Appurtenances and Improvements, (hereinafter known as "4055 NW 21st Street") and more particularly described as:

Lot 7, Block 3, RIMROCK WEST ESTATES, REPLAT, Deschutes County, Oregon

is now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendant, *in rem*, 4055 NW 21st Street, represents proceeds traceable to an exchange for controlled substances or was used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 801, *et. seq.*, and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the declaration of Miguel Perez, Special Agent, Federal Bureau of Investigation, marked as Exhibit A, attached and fully incorporated herein by this reference.

COUNT 2

IV.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

V.

Defendant, *in rem*, 4055 NW 21st Street, Redmond, Oregon, Deschutes County, State and District of Oregon, Real Property with Buildings, Appurtenances and Improvements, (hereinafter known as "4055 NW 21st Street") and more particularly described as:

Lot 7, Block 3, RIMROCK WEST ESTATES, REPLAT, Deschutes County, Oregon

is now and during the pendency of this action will be within the jurisdiction of this Court.

VI.

Defendant, *in rem*, 4055 NW 21st Street, represents property used or intended to be used to facilitate the manufacture and distribution of controlled substances in violation of 21 U.S.C. § 801, *et. seq.*, and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(7), as more particularly set forth in the declaration of Miguel Perez, Special Agent, Federal Bureau of Investigation, marked as Exhibit A, attached and fully incorporated herein by this reference.

COUNT 3

VII.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

VIII.

Defendant, *in rem*, 4055 NW 21st Street, Redmond, Oregon, Deschutes County, State and District of Oregon, Real Property with Buildings, Appurtenances and Improvements, (hereinafter known as "4055 NW 21st Street") and more particularly described as:

Lot 7, Block 3, RIMROCK WEST ESTATES, REPLAT, Deschutes County, Oregon

is now and during the pendency of this action will be within the jurisdiction of this Court.

IX

Defendant, *in rem*, 4055 NW 21st Street, represents property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957, and is forfeitable to the United States

pursuant to the provisions of 18 U.S.C. § 981(a)(1)(A), as more particularly set forth in the declaration of Miguel Perez, Special Agent, Federal Bureau of Investigation, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to enforce the forfeiture of defendant, *in rem*, 4055 NW 21st Street; that due notice be given to all interested persons to appear and show cause why forfeiture of this defendant, *in rem*, should not be decreed; that due proceedings be had thereon; that this defendant be forfeited to the United States; that the plaintiff United States of America be awarded its costs and disbursements incurred in this action.

DATED: February 13, 2020.

BILLY J. WILLIAMS
United States Attorney

*s/ Amy E. Potter*
**AMY E. POTTER**
Assistant United States Attorney

## VERIFICATION

I, Special Agent Miguel Perez declare, under penalty of perjury, pursuant to the provisions of 28 U.S.C. Section 1746, that I am a Special Agent with the Federal Bureau of Investigation and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I verily believe.

*s/Miguel Perez*
MIGUEL PEREZ
Special Agent
Federal Bureau of Investigation

# DECLARATION of MIGUEL A. PEREZ

I, Miguel A. Perez, do hereby declare:

## BACKGROUND/EXPERIENCE

1.     I am a Special Agent with the Federal Bureau of Investigation since 2015. My current assignment is with the Portland Division at the Eugene Resident Agency. I have attended basic agent training with the FBI in Quantico, Virginia. I have also attended training focused on drug trafficking and the communications techniques utilized by criminal organizations. I have been the case agent for drug investigations. I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. My responsibilities include the investigation of federal criminal violations.  .

## PURPOSE OF THIS DECLARATION

2.     This declaration is offered in support of a complaint *in rem* seeking forfeiture of Deschutes County Tax Lot 141332A001401, commonly known as real property located at **4055 NW 21st Street, Redmond, Oregon, 97756**, which is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it was purchased in whole or in part with proceeds traceable to the exchange of a controlled substance (marijuana) in violation of 21 U.S.C. § 841(a)(l) and pursuant to 18 U.S.C. § 981(a)(1)(A), and because it is property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957. Additionally, the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) because it was used, or intended to be used, in any manner or part, to commit, or to facilitate the manufacture and distribution of a controlled substance (marijuana) in violation of 21 U.S.C. § 841(a)(l).

3.      The real property located at **4055 NW 21st Street, Redmond, Oregon, 97756** was purchased by Rogelio Rubio (R. RUBIO) and Taryn White (WHITE) on or about June 30, 2017, in the name of Fleur de Lis Properties LLC, an Oregon Limited Liability Company (LLC) wholly owned by WHITE.  The real property is known and described as:

Lot 7, Block 3, RIMROCK WEST ESTATES, REPLAT, Deschutes County, Oregon

4.      This declaration involves an investigation by the FBI and Drug Enforcement Administration (DEA) concerning Rogelio Rubio (R. RUBIO) and Taryn White (WHITE). Based on the investigation, there is probable cause to believe and I do believe that beginning in at least 2014 or 2015 and continuing until their arrest in July 2019, R. RUBIO and WHITE, along with others, have been producing marijuana in Oregon and shipping it out of state for sale.

5.      The information contained in this declaration is information known to me from my training and experience, by personal knowledge, and by written and oral reports of other law enforcement officers involved in the investigation.  Since this declaration is being submitted for the limited purpose of a complaint *in rem* for forfeiture, I have not included each and every fact known to me concerning this investigation but only information sufficient to show probable cause that the property in question is subject to forfeiture.

## SUMMARY OF THE INVESTIGATION

6.      Since March 2017, law enforcement has been investigating a group including R. RUBIO, WHITE and others located in Oregon believed to be producing large quantities of marijuana in Oregon and shipping it interstate.  Based on the investigation to date, law enforcement believes R. RUBIO, WHITE and other co-conspirators are illegally producing, shipping, and transporting Oregon grown marijuana for distribution to customers in California,

New York, and Texas. The organization is believed to be concealing the profits from the interstate distribution of marijuana through shell companies established in Oregon.

7.     As of April 2019, the Oregon Liquor Control Commission (OLCC) does not have any record of an approved recreational marijuana license or workers permit for R. RUBIO. The Oregon Medical Marijuana Program (OMMP) reported R. RUBIO has an expired medical marijuana card.

8.     As part of the investigation, a Cooperating Source (CS1) was interviewed by law enforcement in November and December 2017 and provided information about R. RUBIO's operation.

9.     CS1 provided the information in consideration of pending charges. The information has been confirmed where possible and is consistent with the government's investigation to date.

10.     CS1 told law enforcement that he worked as a "trimmer" at a marijuana grow operated by R. RUBIO located at **4055 NW 21st Street, Redmond, Oregon, 97756**, until approximately 2014 or 2015.[1] CS1 described the property as having a large garage built on the property that housed a three room marijuana grow with 30 lights. CS1 believes the residence was leased in the name of R. RUBIO's girlfriend, WHITE. According to CS1, WHITE is heavily involved in R. RUBIO's marijuana operation. WHITE also keeps property and accounts related to the marijuana operation in her name. CS1 said R. RUBIO operated another marijuana grow in a red colored shop located in an industrial area of Redmond near the 21st Street marijuana grow.

---

[1] At that time it appears the property was owned by a Washington LLC that does not appear to be involved and rented by R. RUBIO and WHITE.

**Declaration of Miguel Perez**                                       EXHIBIT A   PAGE 3

11. CS1 also described R. RUBIO's practice of shipping and selling marijuana out of state. CS1 has prepared marijuana to be shipped for R. RUBIO. CS1 described packing marijuana that had been freeze dried three times and packed in boxes purchased at Home Depot. The boxes were packed in a manner to limit the marijuana from shifting during delivery. Packages were sent to co-conspirators in Texas for distribution in Texas. Law enforcement intercepted one package sent by R. RUBIO, which contained marijuana. CS1 believes any business operated by R. RUBIO is a money laundering front. CS1 believes R. RUBIO has saved up one million dollars from the sale of marijuana.

12. On May 7, 2018, R. RUBIO was scheduled to arrive into the Redmond Airport on an American Airlines flight from Phoenix, with travel originating from New York. Law enforcement identified and interviewed R. RUBIO at the Redmond Airport. Rubio also provided consent to have his person and luggage searched by law enforcement personnel. R. RUBIO was found to be in possession of approximately $28,345 in cash, a Rolex watch appraised at $34,000, and jewelry purchased in New York. R. RUBIO told the interviewing law enforcement officers that he was a hydroponic greenhouse consultant who earned $75,000 a year. Also in R. RUBIO's possession were five cell phones that were seized by the FBI.

13. On May 29, 2018, U.S. Magistrate Judge Jolie A. Russo authorized a search of those five seized cell phones for evidence of marijuana trafficking. Two of the cell phones were Apple iPhones (hereinafter R. RUBIO's iPhones) and were sent to the FBI's Northwest Regional Computer Forensics Laboratory to be unlocked and to have the data from the iPhones extracted.

14. A review of R.RUBIO's iPhones located numerous conversations between R. RUBIO and his co-conspirators coordinating interstate sales of marijuana. For example, there were conversations in April of 2018 that R. RUBIO had with a New York Customer. The New

York Customer sent photographs of outdoor and indoor marijuana he received that were identified by R. RUBIO as "jager" and "blue dream" marijuana strains. The New York Customer later asked R. RUBIO if he could get to $16,500 for the LSD strain of marijuana. R. RUBIO responded his guys were getting "16-18 for them" and he can do "13 on them all day".

15.   Additionally, in March of 2018, a California Customer asked R. RUBIO what he had available. In response, R. RUBIO provided a list of six marijuana strains: "gelato", "jager", "GDP", "cinx", "blue dream", and "blackberry" with a total of 22 pounds available. On April 13, 2018, R. RUBIO told the same California Customer the he would have 25 gelato strain available, and the California Customer responded they were interested. Later in the same conversation, R. RUBIO asked how the others are looking. The California Customer replied they sold "8-9", and then updated the amounts to "12-13". In April of 2018 R. RUBIO arranged a meeting with the California Customer. After R. RUBIO notified the California Customer he had arrived, R. RUBIO told the California Customer "32 total", and then said he had "more gelato and gdp og coming if ur interested".

16.   There were also communications with WHITE about the drug trafficking. A review of R. RUBIO's iPhone located conducted multiple conversations between WHITE and R. RUBIO regarding the cultivation and distribution of marijuana. In March of 2018, WHITE sent R RUBIO a list of 15 pounds of marijuana to include the strains "jager", "blackberry" and "gelato". WHITE sent a follow-up message saying the blackberry didn't have a total, but "looks whole". Later that year, in May, after being interdicted by law enforcement at the Redmond Airport, R. RUBIO sent a message to WHITE saying, "DEA got me".

17.   A review of R. RUBIO's iPhone also showed that WHITE was managing the bank accounts for Rubio Real Estate Investments and First Frontier Real Estate Investments.

WHITE instructs R. RUBIO to make deposits into the accounts and notifies R. RUBIO when the account funds are negative. In March of 2018, WHITE tells R. RUBIO he is taking on additional expenses to include a new shop without talking to her and that he is making these choices when he is away from home. WHITE sets up the emails for Rubio Real Estate Investments and First Frontier Investments and coordinates the name change from Rubio Real Estate Investments to First Frontier Real Estate Investments.

18.     Law enforcement has identified a number of companies connected to R. RUBIO and WHITE which appear to be used to conduct this illegal activity, including First Frontier Consulting LLC, Rubio Real Estate Investments, LLC, First Frontier Real Estate Investments LLC and Fleur De Lis Properties, LLC.

19.     Wells Fargo accounts in the name of R. RUBIO, WHITE, First Frontier Consulting LLC, and First Frontier Real Estate Investments have been reviewed. R. RUBIO's account showed approximately $37,890 cash deposits in 2017 with approximately $11,000 deposited in New York. In WHITE's account, there were approximately $110,537 in cash deposits in 2016 and approximately $193,790 in cash deposits in 2017 with approximately $15,000 in cash deposited in Texas and $1,200 cash deposited in New York. Additionally, First Frontier Consulting Services LLC's account showed approximately $86,462 in cash deposits in 2017 from which approximately $59,500 cash was deposited in New York.

20.     JP Morgan Chase provided bank account records for First Frontier Real Estate Investments. R. RUBIO and WHITE have signatory authority for the account. From November 2018 to April 2019 an approximate total of $216,627 was deposited into the account. From that amount, approximately 99 money orders from different vendors, in values at, or below $1,000 for a total of approximately $74,559.25 were deposited into the account. Multiple deposits into

**Declaration of Miguel Perez**                                                                                    EXHIBIT A   PAGE 6

the account were made in the Los Angeles area.  From November 2018 to April 2019, approximately $75,471.40 was transferred in payments to the previously described American Express account.  In February 2019, a $22,000 cashier's check from a Wells Fargo account in Austin, Texas was deposited into the account.  Additionally, in March 2019 a $30,000 wire from a Wells Fargo account in Austin was sent to the account.  In April 2019, two wire payments from an individual in New York were made to First Frontier Real Estate, one on April 2, 2019 for $9,999 and the second on April 11, 2019 for $20,001.  On April 15, 2019, WHITE wrote a check in the amount of $11,644.39 paid to Hortitech Greenhouse, a manufacturer of greenhouses located in Bend, Oregon.  Based on this investigation, I believe that deposits into this account represent proceeds from the sale of marijuana and that the account was used to launder the proceeds in an effort to avoid detection.

21. This investigation has found no evidence of R. RUBIO or WHITE being engaged in any legitimate consulting business, and the only known source of their income is from the sale of marijuana.  Thus, based on my training and experience and knowledge of this case, these accounts are being used to launder illicit proceeds from the marijuana trafficking.

**Purchase of 4055 NW 21st Street, Redmond, Oregon, 97756**

22. One of the companies identified through the phone search was Fleur De Lis Properties, LLC.  Review of corporation records show that the corporation was incorporated in Oregon in May 2017. The only member listed in the Oregon Secretary of State Records is WHITE.

23. On June 30, 2017, Fleur De Lis Properties LLC purchased the residence located at **4055 NW 21st Street, Redmond, Oregon, 97756,** from a Washington LLC**.**  The purchase contract stated, "The true and actual consideration for this conveyance is $345,000. Purchaser

**Declaration of Miguel Perez**                                                           EXHIBIT A   PAGE 7

will pay such amount, with interest, according to the terms of the Contract, under which the final payment of principal and interest is due on December 15, 2017."

24. A search of Deschutes County records in June 2018 revealed that **4055 NW 21st Street** was deeded to Fleur De Lis Properties, LLC on December 26, 2017, upon completion of an installment land sale contract in the amount of $345,000. Title is currently vested in Fleur De Lis Properties, LLC. There is no mortgage or liens of record.

25. In June 2017, WHITE opened an account in the name of Fleur De Lis Properties LLC at Bank of the Cascades. Bank of the Cascades was acquired by First Interstate Bank and the Fleur De Lis Properties LLC checking account was converted to First Interstate Bank, Bend, Oregon. Payments from this account were made to the Washington LLC that they purchased the property from.

26. A review of deposits into the Fleur De Lis Properties LLC account at First Interstate Bank revealed the following:

08/02/17, $64,000 check from Bend CPA firm.

09/06/17, $64,000 check from Bend CPA firm, memo "Loan."

10/11/17, $64,000 check from an attorney in Bend, Oregon.

11/10/17, $64,000 check from Bend CPA firm, memo "Loan."

Total from the Bend CPA firm and the Bend attorney: $256,000.

Money Orders:                               $20,000

Cash deposits:    approximately       $43,150

The above deposits provided the majority of the funds to purchase **4055 NW 21st Street, Redmond, Oregon, 97756.**

27. On July 17, 2017, a Certified Public Accountant and Partner in the Bend CPA firm (hereinafter referred to as CPA1), was interviewed by the FBI. In summary, CPA1 stated that R. RUBIO and WHITE were the only clients that the Bend CPA firm provided loans to. The Bend CPA firm charged approximately $4,000 per loan. The loans were considered short term and "more of an IOU." R. RUBIO and WHITE paid off the loans in cash. CPA1 knew this because CPA1 was the one that made the cash deposits into the Bend CPA firm bank account. There are no outstanding loans to R. RUBIO and WHITE.

28. Based on the above interview, it appears that R. RUBIO and WHITE deposited checks from the Bend CPA firm into the Fleur De Lis Properties LLC account at First Interstate Bank and then used those funds to purchase the residence so that it appeared they had received a loan for the property. They then used cash to pay off the loans almost immediately. Based on my investigation to date, I believe the cash that was used to pay off the loans was drug proceeds. The loan transactions were designed to conceal the source of the funds for the purchase of the property.

29. I have also reviewed bank records relating to the attorney in Bend who provided the $64,000 check to Fleur De Lis Properties on October 11, 2017. On the same day, the attorney deposited $67,000 cash into the attorney's bank account that provided the funds for the $64,000 check to Fleur De Lis Properties LLC. CPA1 advised that the attorney has an office in the same building as the Bend CPA firm, and the Bend CPA firm refers clients to the attorney. Based on the pattern of cash and loan activity with the Bend CPA firm, I believe that R. RUBIO and WHITE provided the $67,000 cash to the attorney who then provided the $64,000 check to Fleur De Lis Properties LLC. The loan transaction was designed to conceal the source of the funds for the purchase of the property.

30. Based on the above, R. RUBIO and WHITE deposited checks from the Bend CPA firm and an attorney in Bend into the Fleur De Lis Properties LLC account at First Interstate Bank which gave the appearance that the residence was purchased with loans from a the Bend CPA firm and an attorney in Bend. In reality, the cash for the checks was provided by R. RUBIO and WHITE using proceeds from the interstate sale of marijuana. Based on my training and experience, I believe that this method was used in order to avoid depositing large sums of cash into a bank account that may have raised the bank's suspicion that the residence was purchased with cash proceeds from illegal activity.

31. On July 17, 2019, law enforcement executed a search warrant at **4055 NW 21st Street, Redmond, Oregon, 97756**. An illegal marijuana grow containing 550 marijuana plants was located on the premises.

32. On that same date R. RUBIO and WHITE were arrested based on a federal criminal complaint (19-mj-00128) charging them with distribution and conspiracy to distribute marijuana and money laundering in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 1956. The criminal case is ongoing.

## CONCLUSION

33. Based on the facts set forth herein, as well as my training and experience, I have probable cause to believe that Deschutes County Tax Lot 141332A001401, commonly known as real property located at **4055 NW 21st Street, Redmond, Oregon, 97756**, is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it was purchased in whole or in part with proceeds traceable to the exchange of a controlled substance (marijuana) in violation of 21 U.S.C. § 841(a)(l) and pursuant to 18 U.S.C. § 981(a)(1)(A), because it is property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957. Additionally, the property is subject to

forfeiture pursuant to 21 U.S.C. § 881(a)(7), because it was used, or intended to be used, in any manner or part, to commit, or to facilitate the manufacture and distribution of a controlled substance (marijuana) in violation of 21 U.S.C. § 841(a)(l).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Executed this 13th day of February 2020.

*s/Miguel A. Perez*
Miguel A. Perez
Special Agent
Federal Bureau of Investigation

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
4055 NW 21st Street, Redmond, Oregon, Deschutes County, State and District of Oregon, in rem

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Deschutes
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Amy E. Potter - United States Attorney's Office
405 E. 8th Street, Suite 2400, Eugene OR 97401-2708

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. § 801, et. seq.; 18 U.S.C. §§ 1956 and 1957

Brief description of cause:
forfeiture of real property used to facilitate manufacture and distribution of controlled substances

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____  DOCKET NUMBER _____

DATE: 2/13/2020

SIGNATURE OF ATTORNEY OF RECORD: s/ Amy E. Potter

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE